The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion on the following questions:
 1. If a mayor resigns in an Arkansas city of the second class, such as Judsonia, and the city council appoints a mayor who is a member of the city council by a vote of 3 to 2, and the council member who is being appointed votes as one of the three, is this a legal appointment?
 2. In an Arkansas city of the second class, such as Judsonia, if the city council appoints a water commission, can they do it by naming the commissioners without consulting the mayor?
It is my opinion that the answer to your first question is "no."
Pursuant to A.C.A. § 14-44-106 (1987), whenever a vacancy occurs in the office of mayor in a city of the second class, the city council may either elect, by a majority vote of the aldermen, an individual to fill the vacancy, or they may call a special election. Additionally, the statute codified at A.C.A. §14-42-103 (1987) refers to the procedures by which vacancies in municipal offices are to be filled when the city governing body acts to fill the vacancy by appointment; that statute provides the following:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy. [Emphasis added.]
 (b) The governing body may appoint any qualified elector, including members of a governing body, to fill the vacancy. However, a member of the governing body shall not vote on his own appointment.
[Emphasis added.]
As to the specific situation presented in your question, a city council member can, pursuant to A.C.A. § 14-42-103(b), be appointed to fill a vacancy in the mayor's office. This conclusion is not affected by the statute codified at A.C.A. §14-42-107(a)(2) (1987) which provides the following:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected. [Emphasis added.]
This provision appears to apply to appointments generally, and, in any case, it states that there may be exceptions to its provisions which appear in other sections of the subtitle; A.C.A. § 14-42-103(b) is such a section.
Therefore, A.C.A. § 14-42-103(b), which states that a city council member can be appointed to fill a vacancy in a municipal office, governs this case. However, that statute specifically prohibits a member of the city council from voting on his own appointment to fill such a vacancy. Therefore, the council member at issue in your question who cast a vote for himself as the appointee to fill the vacancy in the mayor's office acted contrary to the provisions in A.C.A. § 14-42-103(b), and thus, his appointment is invalid under that statute. Additionally, since A.C.A. § 14-42-103(a) provides that appointments made by city councils to fill vacancies in municipal offices are to be by a majority vote of the city council, there would not be a valid appointment of the city council member in question since, absent his vote, the vote to appoint him would stand at two to two. In sum, the appointment referred to in your question is invalid.
In response to your second question, it is my opinion that the answer is "no."
Under A.C.A. § 14-234-302 (1987), a city of the second class which owns a waterworks system may, by action of the city council, create a waterworks commission to manage the system. Additionally, pursuant to A.C.A. § 14-234-303(b) (1987), a city council of a city of the second class can determine the number of commissioners to serve on the waterworks commission, as long as there are at least three members and not more than five members. As to the appointment of the waterworks commissioners, A.C.A. §14-234-304 (1987) provides the following:
 (a)(1) The commissioners shall be appointed by the mayor and confirmed by a two-thirds (2/3) vote of the duly elected and qualified members of the city council and shall hold office for a term of eight (8) years.
 (2) However, commissioners first appointed and confirmed shall serve for terms of four (4), six (6), and eight (8) years each to be designated by the mayor and city council, and, thereafter, and upon the expiration of their respective terms, their successors shall be appointed by the two (2) remaining commissioners and subject to the approval of two-thirds (2/3) of the duly elected and qualified members of the city council for a term of eight (8) years. [Emphasis added]
I assume from your question that Judsonia is appointing its first water commission. If I am correct in this assumption, the city council cannot act alone in appointing the water commission. The statute set forth above specifically calls for joint action by both the mayor and city council in appointment of water commissioners, including the first water commissioners appointed. The role of a mayor is to be that of appointment, while the role of a city council is to be that of confirmation. The only time that a mayoral role in the selection process of commissioners is not required is with regard to the appointment of the immediate successors to the initial commissioners and when a vacancy occurs on the water commission. See A.C.A. §§ 14-234-304(a)(2) 14-234-304(c) (1987). Neither of these situations, however, appear to be the one at issue in your case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh